IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AARON T. WINTERS JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| LAINE T. CARDARELLA and OFFICE OF ) | |
| THE FEDERAL PUBLIC DEFENDER, ) | |
| WESTERN DISTRICT OF MISSOURI, ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO
## 28 U.S.C. §§ 1331, 1441, 1442(a)(1)

Pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1), Defendants Laine T. Cardarella and the Office of the Federal Public Defender, Western District of Missouri (collectively "Defendants"), by and through their attorneys of record, hereby give notice of the removal of this action from the Circuit Court of Jackson County, Missouri, where it is presently pending, to the United States District Court for the Western District of Missouri. As grounds for this removal, Defendants assert the following:

### A. The State Court Action

1. On November 4, 2019, Plaintiff filed a Petition against Defendants, entitled *Aaron E. Winters, Jr., v. Laine T. Cardarella and Office of the Public Defender, Western District of Missouri*, Case No. 1916-CV29807 (the "State Court Action"). A true and correct copy of that Petition is attached hereto as **Exhibit A**.

2. In the Petition, Plaintiff alleges that Defendant Laine Cardarella, acting within the course and scope of her employment with the Federal Public Defender's Office, and Defendant Office of the Public Defender, Western District of Missouri, is a legal entity created pursuant to federal law.

1

Plaintiff alleges in the Petition one count of legal malpractice against both Defendants.

3. Plaintiff seeks compensatory damages and punitive damages.

## B. Removal is Appropriate Under 28 U.S.C. § 1442, Federal Officers or Agencies Sued or Prosecuted

4. 28 U.S.C. § 1442 states in relevant part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The Supreme Court has made clear that § 1442(a)(1) is to be "liberally construed." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007). Defendant asserts that she is an officer as the Federal Public Defender for the Western District of Missouri. However, she also is a person acting under the Administrator of the United States Courts. As such, four elements are required for removal under § 1442(a)(1): (1) a defendant has acted under the direction of a federal officer; (2) there was a causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable federal defense to the plaintiff's claims; and (4) the defendant is a "person" within the meaning of the statute. *Jacks v. Meridan & Res. Co.*, LLC, 701 F. 3d 1224, 1230 (8th Cir. 2012). For purposes of the removal provision, an act is considered "under the color of office" if the defendant can show a "causal connection between the charged conduct and asserted official authority." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969). The third element may be satisfied when a "plausible" federal defense is raised. *Id.* at 406-407 ("it need only be

plausible; § 1442 (a)(1) does not require a court to hold that a defense will be successful before removal is appropriate); *United States v. Todd*, 245 F. 3d 691,693 (8th Cir. 2001).

5. Here, with respect to Defendant Laine Cardarella, the first and fourth elements are met: Defendant Cardarella is a natural person and, as the Federal Public Defender, she is or acts under the direction of a federal official or officer. *See e.g., Medina v. Hardy*, 2017 WL 2501591*1 (E.D. Mo. June 9, 2017). As to the second element, Plaintiff's allegations relate solely to the work she performed as a federal public defender working for the Federal Public Defender's Office. Therefore, the allegations concern acts taken by the Defendant under the "color of such office" and have a causal connection to her exercise of official authority.

With respect to the third element, Defendant Cardarella raises as a defense sovereign immunity. She asserts that as to any alleged acts, she was acting solely in her capacity as a federal public defender and/or acting under the color of authority or law. *See e.g., Winters v. Taylor*, 2009 WL 1788598*2 (7th Cir. June 23, 2009). Defendant also asserts immunity under the Westfall Act, 28 U.S.C. § 2679. Under the Act, federal employees receive absolute immunity from suit for their negligent or wrongful acts or omissions while acting within the scope of their office or employment. *Osborn v. Haley*, 549 U.S. 231, 240-241 (2007); 28 U.S.C. § 2679(b)(1). Plaintiff in this case has alleged that Defendant Cardarella, at all times, "acted within the course and scope" of her agency and employment relationship with the Defendant Office of the Public Defender, Western District of Missouri. **Exhibit A**, Petition ¶ 2. Therefore, a defense under the Westfall Act is plausible in this case.

The Central District of Illinois addressed the propriety of a removal action by a federal public defender alleged to have committed legal malpractice in *Staples v. Christiansen*, 2013 WL 5461821 (C.D. Ill., September 30, 2013). It found that the plaintiff alleged that the federal public

3

defender made and took actions in her position as a federal public defender employed by a federal agency. The case was therefore removable under § 1442(a)(1) regardless of whether the claims were common law claims. *Id.* at *2. As in *Staples*, this case is removed properly pursuant to § 1442(a)(1).

6. Defendant Office of the Federal Public Defender, Western District of Missouri is a federal entity constituted under the Criminal Justice Act and supervised by the Administrative Office of the United States Courts. 18 U.S.C. § 3006A(g). Plaintiff, in his complaint, acknowledges that Defendant Office of the Federal Public Defender is a legal entity created pursuant to federal law. **Exhibit A**, Petition ¶ 3. As a federal agency, Defendant has an absolute right to seek removal under § 1442(a)(1).

Here, the Plaintiff alleges negligence by the Office of the Federal Public Defender, Western District in the rendering of its official duties. The Defendant asserts as a colorable federal defense, sovereign immunity. It has not consented to the lawsuit as a federal agency of the United States.

Removal is therefore proper under 28 U.S.C. § 1442(a)(1).

## C. Removal is Proper Under 28 U.S.C. § 1441 (c)(1), Question of Federal Law, and the Westfall Act, 28 U.S.C. § 2679(b)(1)

7. Plaintiff's Petition alleges that Defendant Laine Cardarella was acting as an agent and employee of the Federal Public Defender's Office, within the scope and course of her employment, when she allegedly committed legal malpractice. **Exhibit A**, Petition ¶ 2. These allegations, on their face, implicate the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"). 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident. Upon certification, the employee is dismissed from the action, and the United States is substituted

4

as a defendant in place of the employee. At such time, the litigation would be governed by the Federal Tort Claims Act ("FTCA"). A certification by that Attorney General is conclusive for purposes of removal. 28 U.S.C. § 2679(d)(2). *Osborn v. Haley*, 549 U.S. 225, 229-230 (2007).

8. Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: Jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). In certain cases, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In this case, based upon the face of Plaintiff's Petition, the application of the Westfall Act and ultimately the Federal Claims Act are implicated.

The Seventh Circuit found in *Winters v. Taylor*, 2009 WL 1788587 *2 (7th Cir. June 23, 2009) that an attorney employed by the Federal Public Defender Office who was sued in an individual capacity, can convert the action to one against the United States, thereby obtaining, indirectly, the benefit of the United States' sovereign immunity. *See also, Mooney v. Frazier*, 693 S E 2d 333, (W. Va. 2010).

The application of the Westfall Act, and by extension, the FTCA raises issues of federal law which are properly removed to federal court.

### D. Removal is Timely and Venue is Proper

9. Defendants' removal is timely. Plaintiff served both Defendant Cardarella and Defendant Office of the Public Defender, Western District on November 27, 2019. Therefore, this Notice of Removal is brought within 30 days of service and is timely pursuant to 28 U.S.C. §§ 1453(b) and 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

5

Case 4:19-cv-01034-FJG   Document 1   Filed 12/27/19   Page 5 of 7

10. Venue in this Court is proper. Pursuant to 28 U.S.C. § 1446(a), Defendants' filed this Notice of Removal in the District Court for the United States for the district and division within which the State Court Action is pending. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665-66 (1953) (venue removed in cases is controlled by the removal statute, rather than the general venue statute, which requires removal to the "district and division embracing the place where the action is pending.").

11. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached hereto as **Exhibit B**, copies of all process, pleadings and orders filed with the state court.

12. Further, pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal with its attachments will be served promptly on Plaintiff through his counsel of record in the State Court Action, and a true and correct copy of this Notice will be filed with the clerk of the Circuit court of Jackson County, Missouri.

13. By this Notice of Removal, Defendants do not waive any defenses or objections they may have to this action; do not intend any admission of fact, law or liability; and expressly reserve all defenses, motions and pleas.

WHEREFORE, Laine Cardarella and the Office of Federal Public Defender, Western District of Missouri hereby remove from the Circuit Court of Jackson County, Missouri, case entitled *Aaron E. Winters, Jr., v. Laine T. Cardarella and Office of the Public Defender, Western District of Missouri,* Case No. 1916-CV29807, originally filed on November 4, 2019, pursuant to 28 U.S.C. 1331, 1441 and 1442 and other relevant and applicant law, as if this action had been originally filed in this Court, seeks that further proceedings in the State Court Action be stayed in all respects, and that Defendants obtain all additional relief to which they are entitled.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ John G. Schultz*
| | |
|---|---|
| JOHN G. SCHULTZ | #34711 |
| JACQUELINE A. COOK | #36389 |

8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certify that the foregoing document electronically filed with the United States District Court for the Western District of Missouri on the Court's ECF system was sent via email transmission, along with attachments this 27th day of December, 2019 to:

Richard K. Dowd
Alex R. Lumaghi
Dowd & Dowd, PC
211 North Broadway, Suite 4050
St. Louis, MO 63102
(314) 621-2500
(314) 621-2503 (fax)
rdowd@dowdlaw.net
alex@dowdlaw.net

Trever T. Hook
Kutmus, Pennington & Hook, PC
5000 Westown Parkway, Suite 310
West Des Moines, IA 50266
(515) 288-3339
(515) 288-8629 (fax)
trever@kphlawfirm.com

**Attorneys for Plaintiff**

*/s/ John G. Schultz*
**Attorney for Defendants**