IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AARON T. WINTERS JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. Case No.4:19-cv-01034-FJG |
| | ) |
| LAINE T. CARDARELLA and OFFICE OF | ) |
| THE FEDERAL PUBLIC DEFENDER, | ) |
| WESTERN DISTRICT OF MISSOURI, | ) |

**DEFENDANTS LAINE T. CARDARELLA AND OFFICE OF THE FEDERAL PUBLIC DEFENDER, WESTERN DISTRICT OF MISSOURI'S SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Laine T. Cardarella and Office of the Federal Public Defender, Western District of Missouri's (collectively "Defendants"), by and through undersigned counsel, and file these Suggestions in Support of their Motion to Dismiss as follows:

**Introduction**

Plaintiff has filed a one-count Complaint against Defendants alleging legal malpractice. The allegations stem from an incident that occurred on October 12, 2012. Plaintiff was in possession of a firearm when he was arrested by the Kansas City Police Department. [Petition ¶ 5, 6]. As a result of the arrest, on January 31, 2013, Plaintiff was indicted in the United States District Court for the Western District of Missouri in a single count indictment for a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. [Petition ¶ 6]. The Government's indictment relied on Plaintiff's conviction for possession of marijuana with no tax stamp affixed in the State of Kansas. [Petition ¶ 8].

On February 5, 2013, Defendants were appointed to represent Plaintiff in the federal prosecution. On July 2, 2013, Plaintiff, without a plea agreement, plead guilty to the indictment

1

and was sentenced to a term of imprisonment of 30 months. [Petition ¶¶ 7,14]. Plaintiff served 28 months of the 30-month sentence. [Petition § 14].

On December 8, 2017, Plaintiff filed a motion to vacate his conviction and sentence, alleging that he was not a "felon" for purposes of 18 U.S.C. § 922(g), relying upon *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011). Without objection by the Government, Plaintiff's conviction was vacated on February 12, 2018. [Petition ¶¶ 16,17,18].

Plaintiff has brought a claim of legal malpractice against Defendants alleging that he was "wrongfully convicted in the United States District Court for the Western District of Missouri." [Petition ¶ 4]. Plaintiff alleges that Defendants failed to advise him that he was "innocent of the charge brought in the indictment." [Petition ¶ 14]. In paragraphs 12, 13 and 21, Plaintiff alleges that he was "innocent of the charge" or "innocent of the charge in the Indictment." [Petition ¶¶ 12, 13, 21]. However, nowhere in the Petition does Plaintiff allege "actual innocence".

The facts set forth by Plaintiff are insufficient to state a claim against Defendants for legal malpractice. Therefore, the cause of action against the Defendants should be dismissed.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001), *citing Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Where the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Benton v. Merrill Lynch & Co*., 525 F. 3d 866, 870 (8th Cir. 2008). Although the court must accept as true

2

Case 4:19-cv-01034-FJG   Document 4   Filed 01/02/20   Page 2 of 6

all factual allegations contained in the complaint, the court need not accept legal conclusions as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rules of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed – me accusation." *Id*. at 677-78. It is insufficient to "plead facts that are 'merely consistent with' a defendant's liability."' *Id.* at 678, "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Id*., quoting Twombly, 550 U.S. at 555.

### Argument and Authorities

1. <u>Elements of Legal Malpractice</u>

To establish a claim of legal malpractice under Missouri law, a plaintiff must plead and prove four elements: (1) an attorney-client relationship; (2) negligence by the attorney; (4) proximate cause of plaintiff's harm; and (4) damages. *Sills v. Zotos*, 2019 WL 1532979 *3 (E.D. Mo., April 9, 2019) (reviewing legal malpractice claim after conviction vacated); *Rosenberg v. Shostat,* 405 S.W. 3d 8, 13 (Mo. Ct. App. 2013). While as a condition of a legal malpractice action brought by a criminal defendant, a conviction need not be reversed, vacated or set aside, *see Jepson v. Stubbs*, 555 S.W. 2d 307, 313 (Mo. banc 1977), a line of Missouri cases has held that a

3

criminal defendant bringing a malpractice action fails to state a cause of action when he or she fails to allege "actual innocence" and fails to set forth facts that would establish actual innocence. *Rosenberg*, 405 S.W. 3d at 132; *See e.g., Goodman v. Wampler*, 407 S.W. 3d 96, 99-102 (Mo. Ct. App. 2013); *Costa v. Allen*, 323 S.W. 3d 383 (Mo. Ct. App. 2010); *Kuehne v. Hogan*, 321 S.W. 3d 337 (Mo. Ct. App. 2010). Actual innocence is also described as "factual innocence." *State ex rel. Blennis v. Adolf*, 691 S.W. 2d 498, 503 (Mo. Ct. App. 1985). Missouri courts have found the claim of actual innocence is necessary to plead sufficient facts that the attorney's action proximately caused damages because "in the absence of actual innocence . . . a plaintiff's own illegal actions would be the full legal and proximate cause of his damages." *Rosenberg*, 405 S.W. 3d at 14; *Costas*, 323 S.W.3d at 387. *See also, Trackwell v. Domina*, 2005 WL 1377867 (D. Neb., June 8, 2005) (district court, applying Nebraska law which, similar to Missouri law, required a criminal defendant to plead sufficient facts of actual innocence to allege a claim of legal malpractice against defense counsel, held the fact that an appellate court set aside the plaintiff's conviction did not equate to actual innocence.).

2. <u>Plaintiff Fails to Plead Facts Sufficient to Allege Legal Malpractice</u>

In the present case, Plaintiff fails to allege actual innocence in his Petition but, rather, carefully alleges that he was innocent of the crime charged by the United States government. He does not allege any facts to support a claim of actual innocence; that he was not committing any other illegal acts when arrested or in possession of the firearm or that his possession of the firearm did not constitute any additional offenses either in the State of Missouri or against the United States. *See, United States v. Aaron E. Winters, Jr.,* 2019 WL 7288763 (8th Cir. December 30, 2019) (appeal of the district court's denial of a certificate of innocence in the underlying federal criminal case which forms the basis of the malpractice case against Defendants. The Eighth Circuit held

4

that the district court correctly denied Winters a certificate of innocence because the factual record "showed that Plaintiff possessed the firearm as charged, that his possession constituted additional offenses against the United States and the State of Missouri and that Winters' own conduct brought about his prosecution.").

Here, by failing to plead actual innocence, Plaintiff's Petition not only fails to meet the required Missouri pleading requirement but also fails to plead sufficient facts for the element of proximate cause. *See e.g, Kuehne v. Hogan*, 321 S.W. 3d 337, 342-343 (Mo. App. Ct. 2010) (by failing to plead actual innocence, a criminal defendant failed to state facts sufficient to plead the "but for" causation element in a legal malpractice claim). Therefore, Plaintiff's case should be dismissed for failure to state a claim.

## Conclusion

For the reasons set forth above, Plaintiff has failed to meet the plausibility requirements of Rule 8(a)(2) as outlined in *Iqbal* and *Twombly*. Plaintiff has failed to plead sufficient facts with specificity and support from which this Court can find that the elements of a legal malpractice case have been sufficiently plead. The Plaintiff's Petition fails to raise a right to relief above a speculative level. Therefore, this Court should dismiss the case against both Defendant Cardarella and Defendant Office of the Federal Public Defender, Western District of Missouri.

WHEREFORE, for all the reasons stated herein, Defendants Liane Cardarella and Office of the Federal Public Defender, Western District of Missouri request this Court grant their Motion to Dismiss and any other relief deemed just and proper in the circumstances.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Jacqueline A. Cook*
JOHN G. SCHULTZ #34711
JACQUELINE A. COOK #36389
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document electronically filed with the United States District Court for the Western District of Missouri on the Court's ECF system was sent via email transmission this 2nd day of January, 2020 to:

Richard K. Dowd
Alex R. Lumaghi
Dowd & Dowd, PC
211 North Broadway, Suite 4050
St. Louis, MO 63102
(314) 621-2500
(314) 621-2503 (fax)
*rdowd@dowdlaw.net*
*alex@dowdlaw.net*

Trever T. Hook
Kutmus, Pennington & Hook, PC
5000 Westown Parkway, Suite 310
West Des Moines, IA 50266
(515) 288-3339
(515) 288-8629 (fax)
*trever@kphlawfirm.com*

**Attorneys for Plaintiff**

*/s/ Jacqueline A. Cook*
**Attorney for Defendants**