**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

AARON T. WINTERS JR.,

    **Plaintiff,**

    v.

LAINE T. CARDARELLA and OFFICE OF
THE FEDERAL PUBLIC DEFENDER,
WESTERN DISTRICT OF MISSOURI,

    **Defendants.**

Case No. 4:19-cv-1034-JAR

## MEMORANDUM AND ORDER

In this removal action, Plaintiff Aaron T. Winters, Jr. alleges legal malpractice against his former criminal defense attorneys stemming from his vacated conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Before the Court is Defendants' Motion to Dismiss (Doc. 4) for failure to state a claim upon which relief may be granted. The motion is fully briefed and the Court is prepared to rule. As described more fully below, Defendants' motion to dismiss is denied.

**I.**     **Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level" and must include "enough facts to state a claim for relief that is plausible on its face."[1] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[2] The

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[3]

The Supreme Court has explained the analysis as a two-step process. For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[4] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[5] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

The Court may take judicial notice of certain facts without converting a motion to dismiss into one for summary judgment.[8] Under Fed. R. Evid. 201, the Court may take judicial notice at any time during the proceeding of a fact "that is not subject to reasonable dispute because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[9] Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[10] Here, the Court takes judicial notice of the

---

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

[4]*Id*. (citing *Twombly*, 550 U.S. at 555).

[5]*Id.* at 678–79.

[6]*Id*. at 679.

[7]*Id.* at 678.

[8]*See, e.g.*, *Tal v. Hogan*, 453 1244, 1265 n.24 (10th Cir. 2006); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

[9]Fed. R. Evid. 201(b)(2).

[10]*Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Eighth Circuit Court of Appeals' per curiam decision affirming the district court's denial of Plaintiff's Motion for a Certificate of Innocence under 28 U.S.C. § 2513.[11]

## II. Factual Allegations

With the exception of the certificate of innocence rulings, the following facts are alleged in Plaintiff's Petition and assumed to be true for purposes of deciding this motion.

On January 31, 2013, Plaintiff was indicted in the United States District Court for the Western District of Missouri on a single count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[12] The charge was based solely on Plaintiff's prior conviction for possession of marijuana with no tax stamp under K.S.A. §§ 79-5204 and -5208. On February 5, 2013, the court appointed Defendants to represent Plaintiff and an attorney-client relationship was formed.

Under Kansas law, Plaintiff's maximum sentence for possession of marijuana with no tax stamp was seven months in custody. A sentence of more than twelve months for a tax stamp violation under K.S.A. § 79-5204 is only available for recidivists with three or more felonies involving offenses against persons. Plaintiff did not have any prior felony convictions involving offenses against persons. At the time of his federal conviction, Plaintiff could not have received a sentence of more than one year for the underlying Kansas conviction, and therefore could not be a convicted felon for purposes of 18 U.S.C. § 922(g)(1) under binding Eighth Circuit precedent.[13] Plaintiff was therefore innocent of the charge in the January 31, 2013 indictment.

---

[11] *United States v. Winters*, 788 F. App'x 1042 (8th Cir. 2019) (per curiam).

[12] Under the statute, it is unlawful for a person to possess a firearm if he has been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

[13] *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011).

3

Defendants did not advise Plaintiff about the Eighth Circuit precedent in *Haltiwanger*, and instead advised Plaintiff that he had no defense to the charge. In reliance on this advice, Plaintiff pled guilty on July 2, 2013, without a plea agreement. He was sentenced to a 30-month sentence on December 10, 2013, with three years' supervised release. Plaintiff served 28 months before he was released.

On November 6, 2017, Plaintiff filed a pro se motion for immediate release, alleging that his conviction and sentence were illegal. The Government argued, and the district court agreed, that Plaintiff must seek collateral relief under 28 U.S.C. § 2255. On December 8, 2017, Plaintiff filed a motion to vacate his conviction under 28 U.S.C. § 2255 in the Western District of Missouri. On January 19, 2018, the Government joined in his motion, agreeing that he was not a convicted felon for purposes of 18 U.S.C. § 922(g), and that his conviction should therefore be vacated based on *Haltiwanger*. On February 12, 2018, the district court granted the motion and ordered Plaintiff immediately released from confinement.

On December 30, 2019, the Eighth Circuit affirmed an order of the district court denying Plaintiff's request for a certificate of innocence under 28 U.S.C. § 2513.[14] The court explained that "the district court did not abuse its discretion as the factual record indicates that Winters possessed the firearm as charged, that his possession constituted additional offenses against the United States and the State of Missouri, and Winters's own conduct brought about his prosecution."[15]

### III. Discussion

---

[14]*Winters*, 788 F. App'x at 1042.

[15]*Id.*

The parties agree that Missouri law applies to Plaintiff's legal malpractice claim. Under Missouri law, legal malpractice has four elements: (1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation; and (4) damages.[16] In cases alleging malpractice by a criminal defense attorney, the proximate causation element includes a requirement of actual innocence.[17] This is because "in the absence of actual innocence . . . [the plaintiff's] own illegal actions would be the full legal and proximate cause of his damages."[18]

Plaintiff explicitly alleges in the Petition that he was innocent of the § 922(g) charge, the sole charge against him, and that the conviction was eventually vacated for this reason. But Defendants argue that the fact that his conviction was set aside alone does not demonstrate actual innocence. Instead, they urge that actual innocence means "total vindication or exoneration,"[19] which requires more than the acquittal, reversal, or setting aside of a conviction.

Neither Missouri case cited by Defendants supports their argument that Plaintiff's Petition must be dismissed for failure to adequately plead actual innocence. In *O'Blennis*, the Missouri Court of Appeals found that defensive collateral estoppel barred the plaintiff's legal malpractice claim because he entered into a guilty plea in his criminal case in which he admitted to the factual basis of the charge, and his only challenge to the guilty plea was based on subjective reasons for entering into the plea.[20] The plaintiff succeeded on a motion for post-

---

[16]*Rosenberg v. Shostak*, 405 S.W.3d 8, 13 (Mo. Ct. App. 2013) (quoting *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. 1997) (en banc)).

[17]*Id.* at 14 ("a plaintiff's innocence is an indispensable element of his or her malpractice cause of action." (citing *Missouri ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 503 (Mo. Ct. App. 1985))); *see also Kuehne v. Hogan*, 321 S.W.3d 337 (Mo. Ct. App. 2010) (requiring actual innocence for legal malpractice claims against post-conviction counsel).

[18]*Costa v. Allen*, 323 S.W.3d 383, 387 (Mo. Ct. App. 2010) (citing *O'Blennis*, 691 S.W.2d at 504).

[19]Doc. 18 at 2 (quoting *Herrera-Corral v. Hyman*, 948 N.E. 2d 242, 244 (Ill. App. Ct. 2011)).

[20]*O'Blennis*, 691 S.W.2d at 503–04.

conviction relief based on ineffective assistance of counsel.[21] After filing the civil malpractice suit, however, the plaintiff pled guilty to the original charge in the criminal case and received a time-served sentence.[22] He then claimed in the malpractice suit that he was actually innocent of the charge, and that he pled guilty "only to avoid the mental anguish of a second jury trial on these charges and to eliminate the possibility of returning to prison."[23] Unlike here, the challenged conviction in *O'Blennis* was not set aside on appeal or collateral attack, thus the undisturbed conviction triggered the court's application of collateral estoppel on the actual innocence issue. The Court of Appeals concluded that it would be against public policy to allow the plaintiff's suit to continue under such circumstances, as it would "shock the public conscience, engender disrespect for courts and generally discredit the administration of justice."[24]

The Missouri Court of Appeals again addressed this issue in the context of collateral estoppel in *Rosenberg v. Shostak*.[25] There, the plaintiff pled guilty in the underlying criminal case and that conviction was undisturbed on appeal and collateral attack.[26] After a comprehensive review of Missouri cases addressing the so-called "exoneration rule," the court held that collateral estopped barred the plaintiff's malpractice claim because his "undisturbed criminal conviction prevents him from proving that Defendants' advice proximately caused

---

[21]*Id.* at 499.

[22]*Id.*

[23]*Id.* at 500.

[24]*Id.* at 504 (quoting *In re Laspy*, 409 S.W.2d 725, 737 (Mo. Ct. App. 1966)).

[25]405 S.W.3d 8 (Mo. Ct. App. 2013).

[26]*Id.* at 11.

6

Plaintiff's damages."[27] In contrast, Plaintiff in this case has alleged that his underlying criminal conviction was vacated. Therefore, neither *O'Blennis* nor *Rosenberg* requires dismissal.[28]

In the absence of Missouri authority that supports their position, Defendants turn to Illinois cases interpreting the actual innocence requirement. Several cases decided under Illinois law hold that notwithstanding reversal or successful collateral attack, the plaintiff must independently prove that he was "actually innocent and 'not just lucky.'"[29] For example, in *Herrera-Corral v. Hyman*, the plaintiff failed to sufficiently plead actual innocence where the district court dismissed the indictment and vacated his sentence on remand because the plaintiff's defense attorney did not remain available to him during the period of time during which he could appeal his suppression motion.[30] "The court of appeals merely determined that, because he was denied the effective assistance of counsel, Mr. Herrera-Corral was entitled to an appeal of the suppression issue. . . . An acquittal because illegally seized evidence was used against a defendant is unrelated to innocence."[31] A plaintiff alleging malpractice against a criminal defense attorney under Illinois law cannot meet the actual innocence requirement unless his conviction has been overturned.[32] Although the fact that the plaintiff's conviction was reversed

---

[27]*Id.* at 15.

[28]*Accord Costa v. Allen*, 323 S.W.3d 383, 385 (Mo. Ct. App. 2010) ("As long as a conviction is not set aside by an appeal or a post-conviction procedure, it remains a final judgment, and it stands as presumptive proof to the entire world for all purposes that the person convicted was in fact actually guilty.").

[29]*Moore v. Owens*, 698 N.E.2d 707, 709 (Ill. App. Ct. 1998) (quoting *Levine v. Kling*, 123 F.3d 580, 583 (7th Cir. 1997)); *see also Herrera-Corral v. Hyman*, 948 N.E.2d 242, 244 (Ill. App. Ct. 2011); *Terry v. Woller*, No. 08-4063, 2010 WL 5069699, at *9–10 (C.D. Ill. Dec. 7, 2010).

[30]948 N.E.2d 242, 243–44 (Ill. App. Ct. 2011).

[31]*Id.* at 245.

[32]*See, e.g.*, *Paulsen v. Cochran*, 826 N.E.2d 526, 530 (Ill App. Ct. 2005).

or set aside "may be evidence for a fact finder to consider," that alone will not suffice as proof of actual innocence.[33]

Here, assuming the Illinois cases cited by Defendants are persuasive authority on Missouri law, they do not require dismissal. Plaintiff does not solely rely on the fact of his vacated conviction to meet the actual innocence requirement. Plaintiff pleads that he was actually innocent because as a matter of law he did not have a prior felony, as defined by § 922(g), upon which his felon-in-possession conviction could have been based. None of the Illinois cases cited by Defendants involve a criminal case being reversed or set aside on the basis of actual innocence—they are based on ineffective assistance of counsel or suppression issues.[34] Also, some of these cases are decided in the context of summary judgment, where witness credibility factored into the actual innocence determination.[35] The Court's task here is to determine whether Plaintiff has pled facts sufficient to give rise to a plausible claim of actual innocence. Under the circumstances of this case, where the Plaintiff pleads not only that his underlying conviction was vacated, but that he was in fact not guilty of the underlying charge as a matter of law, the Court finds that Plaintiff has sufficiently pled actual innocence.

Defendants also argue that the denial of Plaintiff's certificate of innocence request forecloses any allegation that he is actually innocent of the felon-in-possession charge. For the first time in their reply, Defendants go a step further and argue that the denial of Plaintiff's

---

[33] *Moore*, 698 N.E.2d at 709; *see also Terry*, 2010 WL 5069699, at *9–10.

[34] *See, e.g.*, *Moore*, 698 N.E.2d at 709 (finding reversal based on ineffective assistance of counsel, where the plaintiff never claimed he was actually innocent, is insufficient); *Herrera-Corral*, 948 N.E.2d at 245 ( finding dismissal of the indictment did not constitute a finding of guilt or innocence when premised on ineffective assistance and suppression issues).

[35] *See, e.g.*, *Terry*, 2010 WL 5069699, at *9–10 (denying summary judgment on actual innocence issue because it came down to an assessment of witness credibility); *Moore*, 698 N.E.2d at 709 (granting summary judgment where Plaintiff "never claimed in his legal malpractice action either in the trial court or this court that he was actually innocent," only that his conviction was reversed).

certificate of innocence motion collaterally estops him from demonstrating actual innocence. Collateral estoppel may apply when:

> (1) the issue in the present case is identical to an issue decided in the prior adjudication; (2) the court in the prior adjudication rendered a judgment on the merits; (3) the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[36]

The Court agrees with Plaintiff that collateral estoppel does not bar him from pleading actual innocence in this case. A certificate of innocence under 28 U.S.C. § 2513 requires a person to demonstrate that his conviction

> (1) has been reversed or set aside on the ground that [he] is not guilty of the offense of which [he] was convicted . . . and (2) . . . [his] acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State . . . and [he] did not by misconduct or neglect cause or bring about [his] own prosecution.[37]

The issue presented here is not identical to the issue presented in Plaintiff's 28 U.S.C. § 2513 proceeding. Here, Plaintiff only must show that he was actually innocent of the underlying crime by a preponderance of the evidence.[38] In his § 2513 proceeding, Plaintiff was required to "persuade the district judge who presided over [his] criminal prosecution that [he was] truly innocent of *all* crimes to qualify for civil damage relief" by a preponderance of the evidence.[39]

According to the Eighth Circuit's brief per curiam decision, the district judge in Plaintiff's criminal case denied the request because he found that "Winters possessed the firearm

---

[36] *Rosenberg v. Shostak*, 405 S.W.3d 8 (Mo. Ct. App. 2013).

[37] *Holmes v. United States*, 898 F.3d 785, 789 (8th Cir. 2018).

[38] *See, e.g.*, *Kuehne v. Hogan*, 321 S.W.3d 337, 342 (Mo. Ct. App. 2010).

[39] *Holmes*, 898 F.3d at 789 (quoting *United States v. Racing Servs., Inc.*, 580 F.3d 710, 713 (8th Cir. 2009)).

as charged, that his possession constituted additional offenses against the United States and the State of Missouri, and Winters's own conduct brought about his prosecution."[40] Because Plaintiff's § 2513 request required him to make a showing beyond actual innocence of the underlying conviction, the Court declines to apply collateral estoppel based on the § 2513 rulings in the criminal matter. Moreover, notwithstanding the § 2513 rulings, Plaintiff has stated a plausible claim that he is actually innocent of the sole charge for which he was convicted in the underlying criminal matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 4) is **denied**.

**IT IS SO ORDERED.**

Dated: March 5, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[40]*United States v. Winters*, 788 F. App'x 1042, 1042 (8th Cir. 2019) (per curiam) (emphasis added).